UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLES BURTON CRISP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No: SA-13-CA-962-XR |
| | ) |
| SEARS, ROEBUCK & CO., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On this date, the Court considered Plaintiff's opposed motion to extend the time for service (docket no. 12).

**Background**

This cause of action was commenced by the filing of the plaintiff's petition in state court on September 6, 2013, naming as Defendants Sears, Roebuck & Co., Sears Holdings Corporation, Robert Hosier, and Paul Jankowski. Plaintiff alleges that Sears retaliated against him and that Sears discriminated against him on the basis of his national origin and violated § 21.056 of the Texas Labor Code by aiding, abetting, inciting, and conspiring with Hosier and Jankowski to engage in a discriminatory practice directed at Plaintiff. Plaintiff alleges that Defendants are liable because they engaged in a civil conspiracy to use his German national origin as a basis to force him to quit his job or to fire him. Plaintiff further alleges that Defendant Jankowski defamed him, and that Sears is vicariously liable for the defamation as his employer. Defendants Sears, Roebuck & Co., Sears Holdings Corporation, and Robert Hosier filed a Notice of Removal on October 21, 2013, in which they asserted that they had been served but that Defendant Paul Jankowski had not been served.

1

The attached state court records include a citation issued to Jankowski and an Affidavit of Service executed by Marilyn Stroud. The affidavit states that Jankowski was served via certified mail, return receipt requested, and an attached printout shows delivery on September 19, 2013. However, there is no return receipt on file. Texas Rule of Civil Procedure 107(c) states, "When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature."

Rule 4(c) of the Federal Rules of Civil Procedure provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1). Proof of service must be made to the court by filing the server's affidavit. FED. R. CIV. P. 4(l)(1). The rule further provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

On December 10, 2013, this Court issued an Advisory to Plaintiff that the proof of service on Jankowski was defective and that the 120-day time period for service would expire on January 6, 2014. Plaintiff was advised to provide proof of service in the form of a return receipt with the addressee's signature, as required by Texas Rule of Civil Procedure 107(c), or other appropriate proof of service upon Defendant Jankowski within the 120-day period or, if unable to do so, to seek an extension of the time for service upon a showing of good cause pursuant to Rule 4(m).

On January 6, Plaintiff filed an Opposed Motion to Extend Deadline to Serve Defendant Paul Kankowski. Plaintiff states he has unsuccessfully attempted service on Jankowski by certified mail,

2

return receipt and it was returned as "unclaimed." Plaintiff states he needs additional time to serve Jankowski by personal process server, and requests an extension of thirty days.

Defendants have filed a Statement in Opposition to the motion, arguing that Plaintiff has failed to establish good cause to extend the time for service. Defendants note that Plaintiff states merely that he attempted to serve Jankowski by certified mail at the outset of the case, but it was returned undelivered, and does not explain why he has done nothing else during the 120-day service period.

**Analysis**

Under Rule 4(m), when a plaintiff fails to serve a defendant within the 120-day period, the Court has two choices: either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." *Id.* If good cause is present, the district court must extend time for service. *Thompson*, 91 F.3d at 21. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.*

Thus, even when good cause is lacking, the Court must decide whether to exercise its discretion to extend the time for service. The 1993 Advisory Committee Note to Rule 4(m) states that the district court may consider whether the "applicable statute of limitations would bar the refiled action." When limitations could serve to bar a re-filed action and render the dismissal in effect "with prejudice," this Court's discretion is more limited. *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013); *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or

contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Millan*, 546 F.3d at 326. In addition, to justify dismissal with prejudice, there must generally be at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Defendants correctly note that Plaintiff has not shown good cause for extending the time for service. Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher*, 709 F.3d at 511. Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* It appears that Plaintiff made only one attempt to serve Jankowski, which was unsuccessful. After being informed that the proof of service was insufficient and of the upcoming deadline for service, Plaintiff appears to have made no further attempts at service and waited until the last day of the deadline to take action by moving for an extension. Therefore, Plaintiff has not shown good cause and Rule 4(m) does not require the Court to grant the extension.

Nevertheless, the Court has discretion whether to grant an extension despite the lack of good cause. It is unclear whether limitations would bar Plaintiff from filing a new suit against Jankowski if this Court dismisses him, since the pleadings give no information concerning relevant dates. Assuming limitations would bar a new suit, the Court finds that the requirements for dismissal with prejudice are not met, as there has not yet been a clear record of delay or contumacious conduct. Even if limitations does not bar a new suit, the Court finds that an additional thirty days for service

would not unduly prejudice Defendants and would prevent the possibility of Plaintiff filing a new separate suit and thus having parallel litigation.

Accordingly, the Court grants the motion (docket no. 12) and extends the time for service upon Jankowski to February 5, 2014.  Plaintiff is advised that the Court will not look favorably on further motions to extend time absent a showing of good cause and expects that Plaintiff will be diligent in serving Jankowski by the deadline.

It is so ORDERED.

SIGNED this 9th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE